Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Luxottica Group S.p.A.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARCO AM PM 42008, an unknown business entity; YACOOB MAYET, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT**<br><br>**2. FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS;**<br><br>**3. UNFAIR COMPETITION IN VIOLATION OF CA BUS. & PROF. CODE § 17200, et seq.;**<br><br>**4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Luxottica Group S.p.A**. for its claim against **Defendants Arco AM PM 42008** and **Yacoob Mayet** respectfully alleges as follows:

**JURISDICTION AND VENUE**

1.  Plaintiff files this action against Defendants for trademark infringement and false designations of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common

law of the State of California.  This Court has subject matter jurisdiction over the Federal trademark infringement and false designation of origin claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as the Lanham Act claims.

3. This Court has personal jurisdiction over Defendants because Defendants are domiciled and/or are incorporated in this judicial district.

4. This action arises out of wrongful acts by Defendants within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Luxottica Group S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114.  Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, high technical and stylistic quality luxury and sports eyewear products under federally registered trademarks, including but not limited to Ray-Ban marks, and other trademarks (the "Luxottica Marks").

6. Upon information and belief, Defendant Arco AM PM 42008 is an unknown business entity with a principle place of business located at 1210 Crenshaw Boulevard in the city of Torrance, California.

7. Upon information and belief, Defendant Yacoob Mayet is an individual domiciled in this judicial district and is the owner, operator, officer, managing agent of Arco AM PM 42008.

8. Luxottica is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1

through 10, inclusive, and therefore sue them by their fictitious names. Luxottica will seek leave to amend this complaint when their true names and capacities are ascertained. Luxottica is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Luxottica is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Luxottica further alleges that Defendants had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The World Famous Luxottica Brands and Products

10. Luxottica is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

11. Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

12. Luxottica's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including California, and online at, and reaches customers nationally and internationally online at www.ray-ban.com.

13. Luxottica is the owner of various Ray-Ban trademarks (collectively, the "Ray-Ban Marks"), including but not limited the following United States Trademark Registrations:

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* (stylized) | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and |

4
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | | |
|---|---|---|
| | | caps. |
| | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

14. Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

15. Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

16. The Ray-Ban Marks are a symbol of Luxottica's quality, reputation, and goodwill. The Ray-Ban Marks have never been abandoned.

17. Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B.  Defendants' Infringing Activities**

18. Upon information and belief, Luxottica hereon avers that Defendants have imported, manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold products bearing counterfeit reproductions of the Ray-Ban Marks ("Counterfeit Products").

19. Specifically, sunglasses bearing the Ray-Ban Marks were recently observed on display and offered for sale at a gas station doing business as "ARCO AM

PM," located at 1210 Crenshaw Boulevard in Torrance, California. Representatives from Luxottica have reviewed samples of said eyewear obtained from ARCO AM PM and confirmed said goods to be counterfeit.

20. Upon information and belief, Defendant Yacoob Mayet is an owner, officer, and/or managing agent of the "ARCO AM PM" gas station and convenience store located at 1210 Crenshaw Boulevard in Torrance, California and is the active, moving, conscious force behind said counterfeiting activities.

21. Defendants' use of the Ray-Ban Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Products, is without Luxottica's consent or authorization.

22. Defendants have never been authorized by Luxottica to manufacture, sell or offer for sale products bearing any of the Ray-Ban Marks. Moreover, Defendants have never been licensees of Luxottica and have never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Ray-Ban Marks.

23. Upon information and belief, the Counterfeit Products obtained from Defendants are of a quality substantially different than that of Luxottica's genuine Ray-Ban® goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale Counterfeit Products with the knowledge and intent that such goods will be mistaken for the genuine high quality Ray-Ban® products, despite Defendants' knowledge that they are without authority to use the Ray-Ban Marks. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Products are genuine goods originating from, associated with, and approved by Luxottica.

24. Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Luxottica's ownership of the Ray-Ban Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

25.     Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luxottica's rights for the purpose of trading off the goodwill and reputation of Luxottica.  If Defendants' willful infringing activities are not preliminarily and permanently enjoined by this Court, Luxottica and the consuming public will continue to be damaged.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

26.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

27.     The Ray-Ban Marks are nationally recognized, including within the Northern District of California, as being affixed to goods and merchandise of the highest quality and coming from Luxottica.

28.     The registrations embodying the Ray-Ban Marks are in full force and effect and Luxottica has authorized responsible manufacturers and vendors to sell merchandise with these marks.

29.     Defendants' unauthorized use of the Ray-Ban Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and serves are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from the same source as Luxottica's goods and are of the same quality as that assured by the Ray-Ban Marks.

30.     Defendants' infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its trademarks.

31.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced,

sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

32. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Luxottica and reap the benefit of Luxottica's goodwill associated with the Ray-Ban Marks.

33. As a direct and proximate result of Defendants' willful and unlawful conduct, Luxottica has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Luxottica's trademarks.

34. Luxottica has no adequate remedy at law.

35. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin and False Designations – 15 U.S.C. §1125(a))

36. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37. Defendants' unauthorized use of the Ray-Ban Marks on infringing merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from Luxottica when in fact they do not.

38. Defendants' use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights.

39. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

40. Luxottica has no adequate remedy at law.

41. Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

42. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

**(Violation of Cal. Bus. & Prof. Code § 17200 et seq.)**

43. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44. The Ray-Ban Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

45. Through prominent, long, and continuous use in commerce, including commerce within the State of California, the Ray-Ban Marks have become and continue to be famous and distinctive.

46. Defendants' unauthorized use of the Ray-Ban Marks dilutes the distinctive quality of the Ray-Ban Marks and decreases the capacity of such marks to identify and distinguish Luxottica's products and has caused a likelihood of harm to Luxottica's business reputation.

47. By the acts described above, Defendants have caused and will continue to cause irreparable injury to Luxottica's goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

48. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

49. Defendants are liable to Luxottica for all damages, whether direct or indirect, for the misappropriation of Luxottica's trademarks, name, reputation and goodwill, which damages are subject to trebling.

50. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

51. Defendants' acts have damaged and will continue to damage Luxottica, and Luxottica has no adequate remedy at law.

52. In light of the foregoing, Luxottica is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief, restitution, and attorneys' fees and costs.

## **FOURTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

53. Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54. Luxottica owns and enjoys common law trademark rights in the Ray-Ban Marks in the State of California and throughout the United States.

55. Defendants' infringing activities in appropriating rights in Luxottica's common law trademarks are intended to capitalize on Luxottica's goodwill for the purpose of Defendants' own pecuniary gain. Luxottica has expended substantial time, resources and efforts to obtain an excellent reputation for Luxottica brands. As a result of Luxottica's efforts, Defendants' is now unjustly enriched and is benefiting from intellectual property rights that rightfully and exclusively belong to Luxottica.

56. Defendants' unauthorized use of the Ray-Ban Marks has caused and is likely to cause confusion as to the source of Defendants' Counterfeit Products, to the detriment of Luxottica.

57. Defendants' acts are willful, deliberate, and intended to confuse the public and/or to injure Luxottica.

58. Defendants' acts constitute unfair competition, palming off, and/or misappropriation in violation of California common law, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

59. Luxottica has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' aforementioned infringing activities, unless Defendants are permanently enjoined by this Court.

60. The conduct herein complained of was, and continues to be, extreme, outrageous, and fraudulent, and was, and continues to be, inflicted on Luxottica in reckless disregard of Luxottica's common law trademark rights in the Ray-Ban Marks. Said conduct was and continues to be harmful to Luxottica, and as such supports an award by this Court of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter Defendants from similar conduct in the future.

61. Luxottica has no adequate remedy at law.

62. In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or marks identical and/or confusingly similar thereto, for any reason; to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of Defendants' infringing acts alleged herein; to recover all gains, profits and/or advantages obtained by Defendants as a result thereof, in an amount not yet known; and to recover from Defendants the costs associated with this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants on all claims, as follows:

1. For entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

  (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Counterfeit Products and/or any other products that bear the Ray-Ban Marks, or any other marks confusingly similar thereto;

  (b) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

  (c) engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica.

2. For entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Luxottica for destruction, or other disposition, all remaining inventory of the Counterfeit Products, in addition to any other goods that infringe upon Luxottica's rights to the Ray-Ban Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3. For entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Counterfeit Products and provide all documents,

correspondence, receipts, and invoices associated with the purchase of the Counterfeit Products;

4. For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

5. For entry of an ORDER directing Defendants to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendants have derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

7. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

8. For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under California law; and

9. Such other relief as may be just and proper.

Dated: January 25, 2017      BLAKELY LAW GROUP

By:  */s/ Cindy Chan*_____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*Luxottica Group S.p.A*

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica Group S.p.A. hereby demands a trial by jury as to all claims in this litigation.

Dated: January 25, 2017     BLAKELY LAW GROUP

By: */s/ Cindy Chan*
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiff
Luxottica Group S.p.A***